Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1264 | **DATE** | 3/15/2002 |
| **CASE TITLE** | William Glennon vs. Village of South Barrington | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Village of South Barrington's Motion for Summary Judgment is DENIED IN PART and GRANTED IN PART. Status hearing set for April 16, 2002 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 1 8 2002 | 29 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

FILED
MAR 15 2002
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
MAR 1 8 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM GLENNON,

    Plaintiff,

v.

VILLAGE OF SOUTH BARRINGTON,

    Defendant.

Case No. 00 C 1264

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Village of South Barrington's ("the Village") Motion for Summary Judgment.

### BACKGROUND

The Village hired William Glennon ("Glennon") in 1981 to serve as a part-time police officer. On March 8, 1995, Glennon was upgraded to a full-time position with the Village's Police Department. Glennon was 61 years old at that time. Pursuant to an oral agreement made in the presence of two Village Board members, Glennon agreed to the Village President's condition that his employment with the Village as a full-time officer be for a term of no less than five years. Around January 1999, Glennon began to make complaints regarding department morale to Chief Lonergan. On March 11, 1999, at the urging of Chief Lonergan, the Village adopted an ordinance amending § 5-1-7 of the Village Code to set a mandatory retirement age for police officers at 65, pursuant to § 623(j) of the Age Discrimination in Employment Act (the "ADEA").

29

At that time, Glennon was nine months past his 65th birthday and absent from work due to his second sick leave of the year. The Village ordinance did allow officers past the mandatory retirement age to remain employed with the department if they passed a fitness test set forth by the Secretary of Health and Human Services, but no such test was in existence when the ordinance was passed. Despite repeated offers to demonstrate his physical and mental fitness, Glennon was not allowed to return to work as a full time officer in the Village's Police Department.

## **MOTION FOR SUMMARY JUDGMENT**

### **Standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). A genuine issue of material fact is

not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### DISCUSSION

### Count I - Violation of the ADEA

The Village moves for summary judgment on Count I, claiming that Glennon fails to raise a genuine issue of material fact as to whether or not the enactment by the Village of a mandatory retirement policy was a "subterfuge," a "scheme, plan, stratagem, or artifice" employed to evade the purposes of the Age Discrimination in Employment Act. Reviewing the record in the light most favorable to Glennon, and drawing all reasonable inferences in his favor, the Court must disagree.

The facts presented by Glennon do present a genuine issue of material fact regarding whether or not the passage of a mandatory retirement age for police officers was a mere subterfuge to evade the purposes of the ADEA's protections against age discrimination. The Village had no effective retirement age ordinance in effect at the time Glennon was hired as a full-time officer in 1995 or in the Spring of 1999. Such an ordinance could have been enacted as early as 1996 when Section 623(j) of the ADEA was amended. The Chief's sudden interest in having the Village pass this ordinance came in

1999, shortly after Glennon had made various complaints to the Chief regarding department morale and when Glennon was nine months past his 65th birthday. No other officer on the force was affected or close to being affected by operation of the new ordinance. Glennon was out on his second significant sick leave of the year and a young officer in the force had recently been denied the opportunity to attend a Spring training session at Northwestern University because Glennon's medical leave of absence left the Department short-handed. The affidavits and deposition testimony show that, contemporaneous with these events, the Chief began actively seeking enactment of a mandatory retirement age for police officers. Glennon had no notice that the Village was considering such an ordinance until the Chief called him just three days before the ordinance was passed. In April of 1999, while Glennon was still on the Police Department roster, but not yet back to work, the Village hired a 29-year-old full-time officer.

Additionally, there is evidence that the Chief concealed Glennon's interest in an alternative position on the force from the Village President and affirmatively stated to the Village Clerk that Glennon did not want such a position, despite the fact that the President had asked the Chief to explore such an option with Glennon and that Glennon had gone to great lengths to demonstrate his interest in such a position. Considering all these facts in the light most favorable to Glennon, it is clear that there exists

an issue of material fact as to whether the Village's mandatory retirement provision was an attempt to evade the substantive provisions and policies underlying the ADEA's ban on age discrimination. Accordingly, the Village is not entitled to summary judgment on Glennon's ADEA claim.

### Count III - Breach of Contract

The Village next moves for summary judgment on Glennon's claim for breach of contract. Glennon has alleged that he orally entered into a five-year employment contract with the Village in 1995. There is a dispute between the parties regarding whether or not the agreement for a five-year term of employment was ratified by the Village Board. However, the Court need not address this issue due to the applicability of the Statute of Frauds to this agreement. The Village contends that an oral employment contract with a five-year term clearly violates the Illinois Statute of Frauds, which states that "[N]o action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement . . . shall be in writing, and signed by the party to be charged. . . ." 740 ILCS 80/1. The Court agrees that, under Illinois law, an oral agreement for a five-year term of employment is considered incapable of being performed within one year. The agreement is therefore barred by operation of the Statute. *Cohn v. Checker Motors Corp.*, 599 N.E.2d 1112, 1116, 233 Ill. App.3d 839, 844 (1st Dist. 1992).

Glennon urges the Court to apply the equitable doctrine of part performance to save the agreement from operation of the Statute of Frauds. However, a long line of Illinois cases recognizes the principle that "[a]lthough acts of partial performance are typically sufficient to take an oral agreement out from under that Statute of Frauds in an action at equity, such acts do not take an action at law outside the operation of the Statute of Frauds." *Sjogren v. Maybrooks, Inc.*, 573 N.E.2d 1367, 1368, 214 Ill. App.3d 888, 892 (1st Dist. 1991). Glennon has not sought an equitable remedy such as injunctive relief or specific performance. His action for breach of contract is clearly an action at law. There being no basis for removing the five-year employment agreement from operation of the Illinois Statute of Frauds, the Village is entitled to summary judgment on Glennon's claim of breach of contract.

## CONCLUSION

For the reasons set forth above, Village of South Barrington's Motion for Summary Judgment is DENIED IN PART and GRANTED IN PART. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 15, 2002